UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTINE BEAN, )<br>)<br>Plaintiff, )<br>)<br>v. )   Docket no. 2:16-cv-631-GZS<br>)<br>WAL-MART STORES, INC., )<br>)<br>)<br>Defendant. ) | |

ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT

Before the Court is Defendant's Motion to Dismiss (ECF No. 7) and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 11). As briefly explained herein, the Court GRANTS WITHOUT OBJECTION Plaintiff's Motion, GRANTS IN PART Defendant's Motion as to Plaintiff's Maine Human Rights Act claims, and DENIES IN PART Defendant's Motion as to Plaintiff's Title VII claims.

I.   **LEGAL STANDARD**

Rule 15 of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a result, courts generally grant leave to amend in the absence of reasons not to grant leave "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Regarding the issue of whether a complaint sufficiently states a claim for relief, the Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a defendant may present a statute of limitations defense when the passage of time prevents a plaintiff from stating "a claim upon which relief can be granted." However, the facts supporting the defense must be apparent on the face of the pleadings. Santana-Castro v. Toledo-Dávila, 579 F.3d 109, 113-14 (1st Cir. 2009). Generally, the Court "may consider only facts and documents that are part of or incorporated into the complaint" when resolving any motion brought pursuant to Rule 12(b)(6). United Auto., Aerospace, Agric. Implement Workers of Am. Int'l Union v. Fortuño, 633 F.3d 37, 39 (1st Cir. 2011) (quotation marks omitted). With this standard in mind, the Court lays out the well-pled factual allegations as they relate to the motions under consideration.

## II.   FACTUAL BACKGROUND

On December 5, 2013, Defendant Wal-Mart terminated the employment of Plaintiff Christine Bean. (Compl. (ECF. No. 1-2) ¶ 14.) Plaintiff submitted a charge of disability discrimination against Defendant with the Maine Human Rights Commission, which was processed on May 23, 2014. (Id. ¶ 7 n.1.) In a letter to Plaintiff dated July 1, 2016, the Commission

stated its conclusion that there were no reasonable grounds to believe unlawful discrimination had occurred. (Id. ¶ 8; Ex. B to Def.'s Mot. (ECF No. 7-2), Page ID # 50.)[1]

On September 30, 2016, Plaintiff filed a Complaint in Maine Superior Court alleging "discrimination based upon sex and retaliation, in violation of the Maine Human Rights Act, 5 M.R.S.A. § 4551 *et seq.*, and the Civil Rights Act of 1964, as amended ('Title VII'), 42 U.S.C. § 2000e *et seq.*" (Compl. ¶ 1.) Plaintiff also alleged, inter alia, that she is "a person within a protected class (female) within the meaning of Title VII and the Maine Human Rights Act." (Id. ¶ 15.) Plaintiff re-alleged and incorporated these allegations in her two charges of sex discrimination (Count I) and retaliation (Count II). (Id. ¶¶ 16, 19.) The Prayer for Relief explicitly requests relief pursuant to the Maine Human Rights Act, but also requests "such additional relief as [the court] deems appropriate." (Id., Page ID # 12.)[2]

On December 27, 2016, Defendant moved to dismiss the suit. Specifically, Defendant moved to dismiss the Complaint "in its entirety on the basis that Plaintiff's claims [pursuant to the Maine Human Rights Act] are barred by the applicable statute of limitations." (Def.'s Mot. (ECF No. 7) at 1.) However, in its Reply, Defendant clarified that it is also asking this Court to dismiss Plaintiff's claims under Title VII, arguing, in fact, that Plaintiff had not properly pled any Title VII claims at all. (See Def.'s Reply (ECF No. 9) at 3.) On January 27, 2017, while Defendant's Motion was under advisement with this Court, Plaintiff moved for leave to file an amended complaint. The proposed Amended Complaint, unlike the initial Complaint, states separate claims

---

[1] For purposes of deciding this Motion, the Court has considered the Maine Human Rights Commission letter (the "Statement of Finding"), the Commission meeting agenda and minutes, and the EEOC's Dismissal and Notice of Rights, all submitted with the parties' filings, because these documents are "integral to or explicitly relied upon in the complaint" and their authenticity is not challenged. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quotation marks omitted).

[2] Although the charge of discrimination Plaintiff filed with the Commission is referenced as "Exhibit A" in the Complaint (Compl. (ECF. No. 1-2) ¶ 7), it does not appear that the charge was included as part of the state court record that was transferred to this Court.

3

for relief pursuant to the Maine Human Rights Act and Title VII and pleads fact demonstrating administrative exhaustion for purposes of the Title VII claims. (See Amended Compl. (ECF No. 11-1) ¶¶ 7-9, 20-22, 23-25.)

### III. DISCUSSION

#### A. Plaintiff's Motion for Leave to File Amended Complaint

The Court sees no reason to deny Plaintiff's motion to amend given that leave to amend should be "freely given" in the absence of countervailing considerations such as undue delay, bad faith by the moving party, or undue prejudice to the non-moving party. See Fed. R. Civ. P. 15(a)(2); Klunder, 778 F.3d at 34. Notably, Defendant did not file a response to Plaintiff's motion and thus the request to amend is unopposed. The Court is mindful that the possibility of undue prejudice to Defendant is a concern. See Klunder, 778 F.3d at 34 ("In reviewing a district court's decision on whether or not to grant an amendment, we routinely focus our analysis on the prejudice to the non-moving party.") However, in this case, the Court can discern no undue prejudice because (1) the case was removed from state court a little over a month ago and is at an early stage in the litigation, and (2) Defendant was on notice of Plaintiff's Title VII claims.[3] For these reasons, the Court GRANTS Plaintiff's Motion and considers Defendant's Motion to Dismiss in light of the Amended Complaint.

---

[3] A fair reading of the Complaint as initially filed indicates that Plaintiff attempted to plead claims for sex discrimination and retaliation under Title VII in a manner that provided Defendant with notice of these claims. (See Compl. ¶¶ 1, 15, 16, 19, and Page ID # 12.) In addition, although Plaintiff failed to plead administrative exhaustion in her initial Complaint, it is evident to the Court that Defendant was put on notice that Plaintiff has indeed administratively exhausted her claim when the EEOC copied the Dismissal and Notice of Rights to Defendant. (See Ex. B to Pl.'s Response (ECF No. 8-2).)

**B. Defendant's Motion to Dismiss**

**1. Maine Human Rights Act Claims**

In its Motion to Dismiss, Defendant alleges that Plaintiff missed the statutory filing period for claims under the Maine Human Rights Act. (Def.'s Mot. (ECF No. 7) at 3.) In general, "[g]ranting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

Under the Maine Human Rights Act ("MHRA"), a plaintiff must file suit "not more than either 2 years after the act of unlawful discrimination complained of or 90 days after any of the occurrences listed under section 4622, subsection 1, paragraphs A to D, whichever is later." 5 M.R.S.A. § 4613(2)(C). Plaintiff does not dispute that the Complaint was filed more than two years after the last act of discrimination, her termination on December 5, 2013, or that it was filed more than 90 days after her claim was dismissed by the Commission, which was the applicable triggering event. (See Pl.'s Response (ECF No. 8) at 2.) Assuming, without deciding, that the 90-day filing period began to run when the Commission sent its letter of dismissal to Plaintiff on July 1, 2016, rather than on any earlier date, Plaintiff's lawsuit was filed a day late.[4]

Plaintiff contends that the late filing was the result of a "glitch" in counsel's normally reliable calendaring system and constitutes "excusable neglect." (Id. at 2.) However, the concept of "equitable tolling," rather than "excusable neglect," applies when a party seeks to avoid the consequences of missing a statutory filing period. See, e.g., Rice v. New England Coll., 676 F.2d 9, 11 (1st Cir. 1982) ("In the absence of a recognized equitable consideration, the court cannot

---

[4] Plaintiff does not contend that the statutory period began to run when she *received* the letter of dismissal. See Adkins v. Atria Senior Living, Inc., 113 F. Supp. 3d 399, 408 (D. Me. 2015) ("The Court concludes that the critical date under the MHRA is not the date of receipt; it is the date of the dismissal.")

5

extend the limitations period by even one day.") It is well established that a party seeking the benefit of equitable tolling bears the burden of establishing that "some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), and "[t]he fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands," Jobe v. INS, 238 F.3d 96, 100 (1st Cir. 2001) (quotation marks omitted). Simply put, "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland v. Florida, 560 U.S. 631, 651-52 (2010) (internal citations and quotation marks omitted); see also Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) ("[E]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." (quotation marks omitted)); United States v. Pena, No. 05-10332-GAO, 2015 WL 3741911, at *2 (D. Mass. June 15, 2015) (compiling First Circuit cases holding that garden-variety attorney error does not support equitable tolling). Plaintiff has not demonstrated any extraordinary circumstance beyond garden-variety error by counsel that would warrant allowing late filing of her claims under the MHRA. Therefore, the Court GRANTS Defendant's Motion as to the MHRA claims and DISMISSES those claims. See Adkins v. Atria Senior Living, Inc., 113 F. Supp. 3d 399, 410 (D. Me. 2015) (dismissing plaintiff's MHRA lawsuit filed two days late and noting that state statutes of limitation "should be construed strictly in favor of the bar [they were] intended to create" (quotation marks omitted)).

    **2. Title VII Claims**

As explained above, Defendant has also moved to dismiss Plaintiff's Title VII claims. (See Def.'s Reply (ECF No. 9) at 3.) Because Plaintiff's Amended Complaint clearly states claims for

6

relief pursuant to Title VII (see Amended Compl. ¶¶ 7-9, 20-22, 23-25), and it is not apparent that these claims are time-barred, the Court DENIES Defendant's Motion as to the Title VII claims.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS WITHOUT OBJECTION Plaintiff's Motion for Leave to File an Amended Complaint, GRANTS IN PART Defendant's Motion and DISMISSES Plaintiff's claims under the MHRA (Counts I and IV of the Amended Complaint), but DENIES IN PART Defendant's Motion as to Plaintiff's claims under Title VII (Counts II and III of the Amended Complaint).[5]

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 9th day of February, 2017.

---

[5] The Court notes that the Amended Complaint correctly names the Defendant as "Wal-Mart Stores East, L.P."